# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sueros & Bebidas Rehidratantes, S.A. de C.V., a Mexican company; and CAB Enterprises, Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>La Monita Distribution, LLC, a Nevada corporation; Griselda Guadalupe Mena; Edilberto Mena Bautista, et al.,<br><br>Defendants. | Case No. 2:24-cv-02093-JAD-DJA<br><br>**Order** |

Before the Court is Plaintiffs Sueros & Bebidas Rehidratantes, S.A. de C.V. and CAB Enterprises, Inc.'s *ex parte*[1] motion for an extension of time for service and for service by publication on Defendants Griselda Guadalupe Mena and Edilberto Mena Bautista. (ECF No. 10). Plaintiffs also propose to serve the complaint via mail to Mena and Bautista's last known addresses. Because the Court finds that Plaintiffs' proposed alternative service methods are reasonably calculated to provide Mena and Bautista with notice and an opportunity to respond, and because it finds that Plaintiffs have demonstrated good cause to extend the deadline for service, it grants the motion.

**I.    Legal standard.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central*

---

[1] Plaintiffs title this motion as an *ex parte* motion, but did not file it on an *ex parte* basis, meaning that it appears on the public docket. Under Local Rule IA 7-2(b), an *ex parte* motion must articulate the rule that permits *ex parte* filing and explain why it is filed on an *ex parte* basis. Plaintiffs did not do this here. But because they did not actually file their motion on an *ex parte* basis, and instead appear to use the *ex parte* designation because no Defendants have appeared, the Court does not address this further.

*Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.*  Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.  A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted).  Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.*  "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Under Nevada Rule of Civil Procedure 4.4(c), a plaintiff may serve a party via publication if other service methods are impracticable.  The court may only order service by publication when the defendant cannot, after due diligence, be found; by concealment seeks to avoid service of the summons and complaint; or is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).  Nev. R. Civ. P. 4.4(c)(1).  The motion seeking an order for service by publication must, through pleadings or other evidence, establish that a cause of action exists against the defendant to be served and that the defendant is a necessary or proper party to the action.  Nev. R. Civ. P. 4.4(c)(2)(A).  The motion must also do the following: (1) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant; (2) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements; (3) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and (4) if the publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations or other evidence establishing the defendant's last known address, the dates during

which the defendant resided at that location, and confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found. Nev. R. Civ. P. 4.4(c)(2)(B) – (E).

If the court orders service by publication, the court must direct service to be made in one or more newspapers or other periodicals published in Nevada (or the place where the defendant is believed to be located) and those designated locations for publication must be reasonably calculated to give the defendant actual notice of the proceedings. Nev. R. Civ. P. 4.4(c)(4)(A). The service must be published at least once a week for a period of four weeks. *Id.* Service by publication is complete four weeks from the later of: (1) the date of the first publication; or (2) the mailing of the summons and complaint, if mailing is ordered. Nev. R. Civ. P. 4.4(c)(4)(C). If publication is ordered and the plaintiff is aware of the defendant's last known address, the plaintiff must also mail a copy of the summons and complaint to the defendant's last known address. Nev. R. Civ. P. 4.4(c)(4)(B). Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication."

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

**II.     Discussion.**

Plaintiffs explain that they have attempted to serve Mena and Bautista at two separate addresses each on multiple occasions, which attempts have been unsuccessful. Plaintiffs add that Mena and Bautista should have notice of this lawsuit because Plaintiffs successfully served Defendant La Monita Distribution, LLC, a company for which Mena and Bautista are managing members. Plaintiffs assert that Mena and Bautista are necessary parties to the action. They also provide affidavits detailing their counsel's efforts to find Mena and Bautista; provide the

proposed language of the summons to be used in the publication; suggest the Nevada Review Journal and Nevada Legal News as periodicals in which the summons can be published; and provide affidavits and declarations establishing Mena and Bautista's last known addresses and confirmation that the Plaintiffs are unaware of any other addresses at which Mena and Bautista have resided or can be found. Plaintiffs also explain that they will mail a copy of the summons and complaint to Mena and Bautista's last known addresses.

The Court finds that Plaintiffs' proposed method of service by publication is reasonably calculated to provide Mena and Bautista with notice and an opportunity to respond and complies with Nevada Rule of Civil Procedure 4.4(c). The Court will thus order the service Plaintiffs propose. Given Plaintiffs' representations that Mena and Bautista are managing members of the already-served party, La Monita Distribution, the Court will further require Plaintiffs to mail the summonses for Mena and Bautista, two copies of the complaint, and two copies of this order to the address where Plaintiffs served La Monita Distribution.

The Court also finds that Plaintiffs have demonstrated good cause to extend the deadline for service. Plaintiffs request an additional ninety days for service. So, the Court will grant this request and extend the service deadline by ninety days after the date of this order.

**IT IS THEREFORE ORDERED** that Plaintiffs' *ex parte* motion for leave to serve Defendants Griselda Guadalupe Mena and Edilberto Mena Bautista by publication (ECF No. 10) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiffs must serve Mena and Bautista by the following methods:

(1) Plaintiffs must publish a copy of the summons they included in their motion in the Las Vegas Review Journal and Nevada Legal News once per week for a period of four weeks.

///
///
///

(2) Plaintiffs must mail a copy of the summons and complaint to Mena at the following addresses.

4000 E. Bonanza Rd., Apt. 221
Las Vegas, Nevada 89110

6435 Grass Meadows Drive, #239
Las Vegas, NV 89142

(3) Plaintiffs must mail a copy of the summons and complaint to Bautista at the following addresses.

588 Old West Ct.,
Las Vegas, Nevada 89110

829 Camden Yard Court
North Las Vegas, Nevada 89030

(4) Plaintiffs must mail the summonses for Mena and Bautista, two copies of the complaint, and two copies of this order to Mena and Bautista at the following address:

Beas Professional Services
6116 West Charleston Boulevard #100,
Las Vegas, NV 89146

**IT IS FURTHER ORDERED** that service must be accomplished by **June 23, 2025.**

DATED: March 24, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE